IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID F. SPENCER, | : | No. 4:CV 06-0427 |
| Plaintiff | : | Judge Jones |
| v. | : | |
| MARK SPEESE, JOYCE ANDERSON, SUZANNE FERGUSON, RENT-A-CENTER | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

### July 17, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is Plaintiff David F. Spencer's ("Plaintiff" or "Spencer") Motion for Summary Judgment ("the Motion") (doc. 8) filed with the Court on June 7, 2006.

For the following reasons, the Motion will be denied.

**FACTUAL BACKGROUND/PROCEDURAL HISTORY**:

On or about December 14, 2004, the New York Department of Taxation and Finance ("NYSDTF") issued a Tax Warrant against Plaintiff. Thereafter, the NYSDTF, through its Warrant Officer, served an Income Execution Order ("Order") on Defendant Rent-A-Center, Plaintiff's employer at the time. The

1

Order required Defendant Rent-A-Center to withhold up to 10% of the Plaintiff's gross salary, wages, overtime, commissions, and other regular and irregular income in order to satisfy the Order. The Defendant Rent-A-Center commenced garnishment of Plaintiff's wages.

On or about February 7, 2006, Plaintiff faxed a letter to Defendant Suzanne Ferguson, Payroll Garnishment Representative for Defendant Rent-A-Center, informing her of his lawsuit against Commissioner Andrew Eristoff of the NYSDTF for various UCC violations in connection with the Order.[1] Defendant Ferguson then called the NYSDTF to confirm the Order was on record and to obtain a copy of the original garnishment Order. Defendant Ferguson conveyed this information to Plaintiff. Later that same day, Defendant Ferguson received a copy of the original Order from NYSDTF, confirmed that it matched the Order that Rent-A-Center had on file for Plaintiff, and informed Plaintiff of the same. On February 27, 2006, Plaintiff filed the present action against Defendants, alleging that the Defendants unlawfully garnished his wages pursuant to an illegal Order from the NYSDTF.

The instant Motion was filed on June 7, 2006. The Motion has been fully briefed by the parties and is therefore ripe for our review.

---

[1] Spencer v. Eristoff, et.al, 4:CV-06-174.

## **STANDARD OF REVIEW**:

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED .R. CIV. .P. 56(c); see also Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990). The party moving for summary judgment bears the burden of showing "there is no genuine issue for trial." Young v. Quinlan, 960 F.2d 351, 357 (3d Cir. 1992). Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences which a fact finder could draw from them. See Peterson v. Lehigh Valley Dist. Council, 676 F.2d 81, 84 (3d Cir. 1982).

Initially, the moving party has a burden of demonstrating the absence of a genuine issue of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323 (1986). This may be met by the moving party pointing out to the court that there is an absence of evidence to support an essential element as to which the non-moving party will bear the burden of proof at trial. Id. at 325.

Federal Rule of Civil Procedure 56 provides that, where such a motion is made and properly supported, the non-moving party must then show by affidavits, pleadings, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). The United States Supreme

3

Court has commented that this requirement is tantamount to the non-moving party making a sufficient showing as to the essential elements of their case that a reasonable jury could find in its favor. Celotex Corp., 477 U.S. at 322-23.

It is important to note that "the non-moving party cannot rely upon conclusory allegations in its pleadings or in memoranda and briefs to establish a genuine issue of material fact." Pastore v. Bell Tel. Co. of Pa., 24 F.3d 508, 511 (3d Cir. 1994) (citation omitted). However, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993) (citations omitted).

Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)(emphasis in original). "As to materiality, the substantive law will identify which facts are material." Id. at 248. A dispute is considered to be genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

**DISCUSSION:**

Defendants argue that Plaintiff's Motion does not comply with the Local Rules that govern the filing of motions for summary judgment and accordingly should be denied, or alternatively, be considered withdrawn. In the alternative, Defendants argue that Plaintiff's Motion must be denied because genuine issues of material fact exist. We shall take each of Defendant's grounds for contesting the Motion in turn.

### A. Motion is Non-Complaint with Local Rules

#### 1. Local Rule 56.1

Local Rule 56.1 governs the filing of Motions for Summary Judgment in the Middle District of Pennsylvania. LR 56.1 clearly requires that any motion for summary judgment be accompanied by a "separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried."

The Defendants correctly note that Plaintiff's Statement of Facts is not separate from the Motion, but is contained within the Motion. However, in light of the fact that Plaintiff is proceeding *pro se* and therefore his pleadings will be liberally construed by the Court, this technical violation of the rules is not grounds for denial of the Motion. However, a reading of Plaintiff's Statement of Facts indicates that it contains conclusions of law and largely refers to the exhibits

Plaintiff has attached to the Motion.

2. Local Rule 7.1

Local Rule 7.1 requires that all pretrial motions "shall contain a certification by counsel for the movant that he or she has sought concurrence in the motion from each party, and that it has been either given or denied." Defendant's correctly note that Plaintiff's Motion does not contain any such certification. However, once again, due Plaintiff's *pro se* status, we will not deny Plaintiff's Motion due to this technical violation.

3. Local Rule 7.5 and 5.1(h)

Local Rule 7.5 requires that, within ten (10) days of filing a pretrial motion, the movant must file a brief in support of the motion. If the movant fails to comport with the filing requirement of LR 7.5, the Court shall deem the motion withdrawn. Local Rule 5.1(h) requires each motion and each brief to be a separate document. Although the Plaintiff filed the Motion and accompanying brief in the same document, again we are not inclined to deny the Motion on this basis. It is clear that the Plaintiff intended his Motion to be construed as a motion and supporting brief, therefore we will not deem the Motion as withdrawn and shall decide the Motion on the merits.

**B.     Merits Analysis of the Motion**

Defendants argue that it is improper to grant summary judgment at the present time because genuine issues of material fact exist. Although Plaintiff alleges that "there is no issue as to material fact," (doc. 8 at 1), the Plaintiff does not make a convincing argument to support his assertion.

In his Motion, Plaintiff states that his reason for filing suit against the Defendants is because of "[D]efendants [sic] deliberate and willful refusal to confirm the illegality of a wage garnishment . . ." (Rec. Doc. 8 at 1). The Defendants dispute that the wage garnishment was illegal, citing to the original Order received from the NYSDTF. Clearly the legality of the NYSDTF Order is a contested issue of fact that is material and essential to the instant litigation. Further, there are numerous other contested factual issues cited by the Defendants in their brief opposing the Motion, which we will not recite in this Order. Accordingly because genuine issues of material fact remain, we will deny the Plaintiff's Motion.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion for Summary Judgment (doc. 8) is DENIED.

_____
John E. Jones III
United States District Judge