IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID F. SPENCER, | : | No.  4:CV 06-0427 |
| | : | |
| Plaintiff | : | Judge Jones |
| | : | |
| v. | : | |
| | : | |
| MARK SPEESE, JOYCE ANDERSON, | : | |
| SUZANNE FERGUSON, | : | |
| RENT-A-CENTER | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

### October 24, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion to Dismiss ("the Motion") (doc. 12) of Defendants Mark Speese, Joyce Anderson, Suzanne Ferguson and Rent-A-Center (collectively "Defendants") filed with the Court on September 12, 2006.

For the following reasons, the Motion will be granted and the action dismissed.

**<u>FACTUAL BACKGROUND/PROCEDURAL HISTORY</u>:**

On or about December 14, 2004, the New York Department of Taxation and Finance ("NYSDTF") issued a Tax Warrant against Plaintiff.  Thereafter, on or about February 19, 2004, the NYSDTF, through its Warrant Officer, served an

Income Execution Order ("Order") on Defendant Rent-A-Center, Plaintiff David Spencer's ("Plaintiff") employer at the time. The Order required Defendant Rent-A-Center to withhold up to 10% of the Plaintiff's gross salary, wages, overtime, commissions, and other regular and irregular income in order to satisfy the Order. The Defendant Rent-A-Center commenced garnishment of Plaintiff's wages.

On or about February 7, 2006, Plaintiff faxed a letter to Defendant Suzanne Ferguson, Payroll Garnishment Representative for Defendant Rent-A-Center, informing her of his lawsuit against Commissioner Andrew Eristoff of the NYSDTF for various UCC violations in connection with the Order.[1] Defendant Ferguson then called the NYSDTF to confirm the Order was on record and to obtain a copy of the original garnishment Order. Defendant Ferguson conveyed this information to Plaintiff. Later that same day, Defendant Ferguson received a copy of the original Order from NYSDTF, confirmed that it matched the Order that Rent-A-Center had on file for Plaintiff, and informed Plaintiff of the same. On February 27, 2006, Plaintiff filed the present action against Defendants, alleging that the Defendants unlawfully garnished his wages pursuant to an illegal Order from the NYSDTF.

The instant Motion and supporting brief was filed on September 12, 2006.

---

[1] Spencer v. Eristoff, et.al, 4:CV-06-174.

To date, the Plaintiff has not filed a brief in opposition to the Motion. Pursuant to Local Rule 7.6, a party who fails to file a responsive brief within fifteen days after service of the movant's brief shall be deemed not to oppose the Motion, and accordingly the Motion will be granted. However, for the sake of completeness and in the interests of justice, we shall undertake a brief analysis of the merits of the Motion.

**STANDARD OF REVIEW**:

In considering a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), a court must accept the veracity of a plaintiff's allegations. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d3 310 (3d Cir. 1986).

**DISCUSSION**:

    **A.**    **UCC Claims**

In the complaint, Plaintiff makes a blanket allegation that Defendants violated Uniform Commercial Code provisions without reference to a specific provision or provisions. Moreover, Plaintiff does not make sufficient factual averments to support his purported claims, and accordingly he has failed to state a claim under the UCC against the Defendants.

    **B.**    **"Conspiracy Against Rights" - 18 U.S.C. § 241 Claim**

Section 241 makes it illegal to conspire to "injure, oppress, threaten, or intimidate any person" from exercising his right or privilege of a constitutionally or federally protected law. A noted by Defendants, Plaintiff's claim under Section 241 necessarily fails because he cannot establish the existence of a conspiracy. The Defendants acted in accordance with a legal NYSDTF order. By definition, a conspiracy is an agreement to work together to effectuate an *illegal* act. Inasmuch as the Defendants participated in no illegal conduct with respect to the NYSDTF order, Plaintiff cannot state a claim against them pursuant to 18 U.S.C. § 241.

    **C.**    **"Deprivation of Rights Under Color of Law" - 18 U.S.C. § 242 Claim**

Section 242 prohibits individuals acting under 'color of law' to deprive a

person of any "rights, privileges, or immunities secured or protected by the Constitution or laws of the United States . . ." 18 U.S.C. § 242. Inasmuch as the Defendants are private individuals working for a private employer, they have not acted under 'color of law,' and accordingly the Plaintiff has failed to state a claim pursuant to Section 242.

**D.** **"Frauds & Swindles" - 18 U.S.C. § 1341 Claim**

Section 1341 protects against schemes to defraud, the use of false pretenses to obtain money or property, and other such illegal means of engaging in white collar crimes through the use of mail services. Plaintiff has alleged no evidence to support any claim that the Defendants engaged in any type of fraud or scheme against him. Defendants effectuated the NYSDTF order against the Plaintiff, which was a legitimate, legal order, and accordingly, Plaintiff has not stated a claim under Section 1341.

**E.** **"Fraud by Wire, Radio or Television" - 18 U.S.C. § 1343**

Section 1343 prohibits schemes to defraud or obtain money or property through the use of wire, radio or television. Pursuant to the NYSDTF order, the Defendants mailed Plaintiff's garnished wages through the United States Postal Service, and accordingly this statute is wholly inapplicable.

**F.** **"Definitions" - 18 U.S.C. § 1961**

In the complaint Plaintiff states that Defendants violated Section 1961. However, 1961 is merely a definitions section, and accordingly, no claim can be stated thereunder.

### G.     "RICO" - 18 U.S.C. § 1961 et seq.

The civil RICO statute provides relief against any person who engages in a "pattern of racketeering activity or through a collection of an unlawful debt . . . to use or invest, directly or indirectly, any part of such income, or the proceeds of such income."  Inasmuch as Defendants received no income that it withheld from Plaintiff, but relinquished the money to the NYSDTF, this statute is inapplicable and is not a claim upon which Plaintiff can seek relief.

### H.     "Offenses by Officers and Employees of the United States" - 26 U.S.C. § 7214

Section 7214 only applies to United States officers and employees. Defendants are private individuals and a private corporation, and accordingly, Plaintiff may not maintain a claim against them pursuant to Section 7214.

**CONCLUSION**:

We shall grant the Defendants' Motions on the merits, for the reasons stated herein, as well as for Plaintiff's failure to file a responsive brief as required by L.R. 7.6., and dismiss the complaint against the Defendants.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Defendants' Motion to Dismiss (doc. 12) is GRANTED.

2. The complaint is DISMISSED as against the Defendants.

3. The Clerk is directed to CLOSE the file on this case.

4. There is no basis for the issuance of a certificate of appealability in this case.

s/ John E. Jones III
John E. Jones III
United States District Judge
